

May 1, 2026

**Via ECF**

The Honorable Jennifer L. Rochon
United States District Court, Southern District of New York
Courtroom 20B
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *Rea.Deeming Beauty, Inc. v. The Individuals, Corporations, et al.,*
>        Case No. 1:26-cv-03235-JLR

Dear Judge Rochon:

We represent plaintiff Rea.Deeming Beauty, Inc. ("Plaintiff") in the above-referenced matter. On April 24, 2026, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 21, the "Order") granting Plaintiff's *ex parte* application for temporary restraints and scheduling a hearing for May 7, 2026, on Plaintiff's request for the issuance of a preliminary injunction. The May 7 hearing is the next scheduled hearing in this matter.

We respectfully request that the Court enter:

1. A seven (7) day extension of Defendants' deadline to file opposing papers to Plaintiff's request for the issuance of a preliminary injunction, from May 4, 2026, to May 11, 2026;

2. A seven (7) day adjournment of the preliminary injunction hearing, from May 7, 2026, to May 14, 2026; and

3. An extension of the restraints imposed by the Order until the new hearing date pursuant to Rule 65(b)(2).

As explained in more detail below, pursuant to the Order, Plaintiff has not yet received confirmation from the marketplace platforms or the financial institutions that the asset restraint is complete and that the Defendants' identifying information has been provided.

This will be the first extension and adjournment of these dates. No defendant has appeared in this matter. There are no other existing deadlines.

**Extension of Deadline and Adjournment of Hearing Date**

As noted in our application for the Order, Defendants in this case are actively marketing and selling products that infringe upon Plaintiff's intellectual property rights. Defendants are made up of persons and entities that hide their true identities behind various usernames, through which



Honorable Jennifer L. Rochon
May 1, 2026
Page 2

they sell infringing products using online marketplace platforms such as Amazon, eBay, Shein, Temu and Walmart. As a result, and to protect Plaintiff's rights, the Court authorized service by electronic mail within five days after the Financial Institutions' compliance with the temporary asset restraint provisions of the Order. See Order at 8, ¶¶ 7-8.

Delaying service until after the temporary asset restraint is in effect is critical to maintain the confidentiality of this proceeding until Defendants' accounts are frozen, thereby avoiding defendants' improper transfer and/or destruction of ill-gotten proceeds and other relevant information. Indeed, as detailed in our initial application, and as accepted by the Court in the Order, "if Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds," and are also "likely to destroy, move, hide, or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, distribution, offering for sale, and/or sale of the Counterfeit Products." See Order at 4, ¶ 6–7. At the same time, Plaintiff recognizes that service and notice is essential to ensuring that Defendants have access to the full record before the preliminary injunction hearing. In that regard, the Order also directed the third-party service providers to provide information concerning Defendants to Plaintiff, including contact information, to enable Plaintiff to effectuate service of the documents in this case. See Order at 8, ¶ 6.

Plaintiff served the online marketplace platforms with the Order on April 24, 2026. To date, not all of the marketplace platforms have (i) confirmed that the asset restraint is complete, or (ii) provided contact information for Defendants sufficient to complete e-mail service. In particular, Plaintiff is waiting on confirmation of an asset restraint and sufficient contact information for the Defendants from Amazon and Shein.

Thus, to ensure Defendants can review and respond to Plaintiff's filings in a timely manner, while at the same time preserving the confidentiality of these proceedings until such time as the asset freeze occurs, we respectfully request the Court extend Defendants' deadline to respond to the Order from May 4, 2026 to May 11, 2026, and adjourn the preliminary injunction hearing from May 7, 2026 to May 14, 2026.

### Extension of Temporary Restraint

The Temporary Restraining Order is currently set to expire on May 8, 2026. *See* Order at 10. If the temporary restraints dissolve before Plaintiff can be heard on its preliminary injunction application, there is a substantial risk (as detailed in the moving papers) that Defendants (who will by then be on notice of these proceedings) will hide their assets and other relevant information before preliminary restraints can be imposed.

We respectfully submit that the foregoing constitutes "good cause" under Rule 65(b)(2) to extend the temporary restraints for a short period of time. Thus, to ensure that the relief provided in the Order is not rendered moot, and to protect Plaintiff's rights pending the return date of the



Honorable Jennifer L. Rochon
May 1, 2026
Page 3

Order, we respectfully request that the Court continue the relief set forth in the Order until after the adjourned hearing date on Plaintiff's preliminary injunction application.

Defendants will not be unduly prejudiced by this request. In the first instance, Defendants have no right to engage in the infringing activity at issue. Moreover, we are requesting an adjournment of only seven (7) days, giving Defendants the ability to quickly seek relief if they are so entitled.

We would be happy to provide more information or to make ourselves available to discuss this matter further, if necessary. We thank the Court for its time and attention to this matter.

Very truly yours,

BOIES SCHILLER FLEXNER LLP

*/s/ Christopher Tom*
Christopher Tom